**You LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 05–0503–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2006.

**20**

You Lin, Ridgewood, New York, for Petitioner, pro se.

Paul J. McNulty, United States Attorney; Anita Claire Snyder, Assistant United States Attorney, Alexandria, Virginia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

You Lin, *pro se,* petitions for review of the Board of Immigration Appeals ("BIA") January 2005 order denying Lin's motion to reconsider the BIA's decision denying his motion to reopen his removal proceedings. The BIA had previously dismissed Lin's appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao,* 265 F.3d at 90.

■ Here, the BIA did not abuse its discretion in denying Lin's request for reconsideration because it rationally explained that Lin failed to assert any new arguments pertaining to legal or factual error in the BIA's prior order. Lin's affidavit merely restated the facts and presented his prior argument, that he had a well-founded fear of persecution if forced to return to China.

■ In addition, this Court cannot consider Lin's new evidence that he is now a practitioner of Falun Gong, because it is beyond the scope of our review. *See* 8 U.S.C. § 1252(b)(4)(A).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).